IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

David SMITH,

                Plaintiff,

    v.

Presiding Judge Rick HASELTON, Judge Rex
ARMSTRONG, and Judge Ellen ROSENBLUM,
in their official capacities as judges of the Oregon
Court of Appeals who issued the opinion that
gave rise to this action; Paul DEMUNIZ, in his
official capacity as Chief Justice of the Oregon
Supreme Court who denied review of the Oregon
Court of Appeals' decision,

                Defendants.

Case No. 1:12-cv-2224-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

      Plaintiff David Smith commenced this action by paying the full filing fee and filing a *pro se* Complaint (#1) against defendants on December 10, 2012. For the reasons stated below, the court recommends that plaintiff's Complaint be dismissed with prejudice and without leave to amend.

Page 1 – REPORT AND RECOMMENDATION

## BACKGROUND

On November 28, 2006, Lila Saxon, plaintiff's assignor, filed a lawsuit against Metro in the Clackamas County Circuit Court, alleging that Metro reduced the fair market value of her property. On December 7, 2007, judgment was entered in favor of Saxon. Metro appealed, and on August 5, 2009, the Oregon Court of Appeals vacated the Clackamas County Circuit Court's judgment and remanded for entry of judgment dismissing Saxon's claims. Saxon v. Metro, 230 Or. App. 247 (2009). On September 17, 2010, the Oregon Supreme Court denied review. Saxon v. Metro, 349 Or. 56 (2010). On January 15, 2011, the Clackamas County Circuit Court entered judgment against Saxon, consistent with the Court of Appeal's decision.

Plaintiff, assignee of Saxon's property, filed a Complaint against Oregon Court of Appeals judges Haselton, Armstrong, and Rosenblum, and Oregon Supreme Court Chief Justice Paul DeMuniz, in their official capacities. Plaintiff seeks a mandamus order reinstating the November 28, 2006 Clackamas County Circuit Court judgment in Saxon's favor. Plaintiff alleges defendants' rulings were wrongful and violated the Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as various state laws.

## STANDARD

The court may dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988). "Such dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing that the plaintiff is entitled to relief. While Rule 8 does not demand detailed factual allegations, "it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (emphasis added). Where the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

In determining whether to dismiss a complaint under 12(b)(6), the Court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that the plaintiff "can prove facts which [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

*Pro se* pleadings are held to "less stringent standards than pleadings drafted by lawyers." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (*citing* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972)). The court must construe the allegations liberally and afford the plaintiff the benefit of the doubt. *See* Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing* Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700 (1982)). However, a *pro se* Complaint must still satisfy the pleading requirements of Rule 8. A *pro se* complaint should be dismissed with leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by an amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal citation omitted).

## DISCUSSION

Although plaintiff's Complaint could be dismissed for several reasons, the court need not look beyond the doctrine of judicial immunity. Judges are absolutely immune from civil liability for judicial acts taken in their official judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir.1996). There are only two circumstances where judicial immunity is overcome: (1) where a judge acts in clear absence of jurisdiction, and (2) where a judge performs an act which is not judicial in nature. Schnucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Mullis v. U.S. Bankr. Court, Dis. Of Nev., 828 F.2d 1385, 1388-89 (9th Cir. 1988). An act is judicial in nature if it is an act normally performed by a judge. Stump v. Sparkman, 435 U.S. 349, 362 (1978).

In this case, judicial immunity applies to defendants. As Oregon Court of Appeals judges, Judges Haselton, Armstrong, and Rosenblum had the jurisdiction to decide and rule on Metro's appeal. As Chief Justice of the Oregon Supreme Court, Justice DeMuniz had the jurisdiction to deny review of the Oregon Court of Appeal's decision. All defendants' acts were those normally performed by judges. Because the defendants' acts were judicial in nature and

within their jurisdiction, absolute judicial immunity applies, and plaintiff's suit is without legal basis.

## LEAVE TO AMEND

Generally, leave to amend "should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). In this case, however, such a correction is not possible. Plaintiff's suit is solely based on defendants' actions as judges presiding over a lawsuit, and is accordingly barred by judicial immunity. Because it is not possible for plaintiff to amend his pleadings to allege a viable cause of action against defendants, the court recommends that plaintiff's Complaint be dismissed without leave to amend.

## RECOMMENDATION

For the reasons stated above, the court recommends that this action be DISMISSED, with prejudice, and without leave to amend.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due no later than fourteen days after the date this recommendation is filed. If objections are filed, any response is due within fourteen days after the date the objections are filed.* See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this \_\_\_10\_\_\_ day of January, 2013

_____
MARK D. CLARKE
United States Magistrate Judge